# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAVEZ DELGADO, ) | No. 1:07-cv-1653 AWI |
| Petitioner, ) | |
| ) | (No. 1:04-cr-5208 AWI) |
| v. ) | |
| ) | ORDER ON PETITIONER'S |
| UNITED STATES OF AMERICA, ) | REQUEST FOR RELIEF UNDER |
| ) | 28 U.S.C. § 2255 |
| Respondent. ) | |
| ) | (Crim. Doc. No. 96) |

Pursuant to a plea agreement, on March 20, 2006, Petitioner pled guilty to one count of 21 U.S.C. § 846, conspiracy to distribute methamphetamine, and one count of 18 U.S.C. § 924(c), possession of a firearm in furtherance of drug trafficking. Criminal Docket Doc. Nos. 69, 75. As part of the plea agreement, Petitioner agreed to waive his right to appeal and his right to file a motion under § 2255. See id. at Doc. No. 69. Petitioner was sentenced to 171 months total confinement on November 13, 2006, and judgment and commitment were entered on November 17, 2006. See id. at Doc. Nos. 87, 88. Petitioner filed this 28 U.S.C. § 2255 motion on November 21, 2007, and argues that he received ineffective assistance of counsel when he was advised to plead guilty to possession of a firearm.[1] See id. at Doc. No. 96.

## THE PETITION

*Petitioner's Contentions*

Petitioner contends that he received ineffective assistance of counsel when his counsel

---

[1] Petitioner did not file a direct appeal, so his conviction became final ten days after entry of judgment, November 27, 2006. See Fed. R. App. Proc. 4; United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001). Since Petitioner filed this petition on November 21, 2007, the petition was filed within one year of his conviction becoming final and is therefore timely. See 28 U.S.C. § 2255(f); Schwartz, 274 F.3d at 1223; Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

erroneously advised him that he was guilty of violating 18 U.S.C. § 924(c). It has been held that, under § 924, mere presence of a gun is not sufficient, rather, the evidence must show that the possession of the gun actually furthered drug trafficking. In light of *Bailey v. United States*, 116 S.Ct. 501 (1995), counsel's advice was incorrect. *Bailey* held that, to sustain a conviction under the "use" prong of § 924(c), it must be shown that the defendant actively employed the firearm during and in relation to the predicate crime. Petitioner states that the firearm was found underneath the passenger's seat of the truck and that he drove the truck occasionally. Petitioner "argues that, because under *Bailey*, a § 924(c) conviction requires evidence of active employment of the firearm and no such evidence was ever presented in his case, he [could not] have violated the statute merely by having the gun under the passenger's seat." There was no evidence that the gun was possessed "during and in relation to a drug trafficking offense."

Petitioner argues that counsel's advice to plead guilty was unreasonable because the government's factual recitation at the plea hearing did not establish that he possessed the firearm in furtherance of the drug crime. The record only shows that a drug dealer had a gun underneath the passenger seat of the truck. There was no evidence that the gun was near the drugs or that the gun was accessible during the drug transaction.

Petitioner argues that counsel failed to investigate and demonstrated a lack of diligence. Had counsel known of the lack of evidence to support the § 924(c) conviction, it is reasonably probable that counsel would have changed his recommendation from letting petitioner make his own decision, to attempting to dissuade petitioner from pleading guilty. Petitioner received no sentencing benefit from pleading guilty to the § 924(c) offense. It is reasonably probable that had counsel adequately performed, Petitioner would not have plead guilty as to the § 924(c) offense and would have proceeded to trial.

## **LEGAL STANDARDS**

### *28 U.S.C. § 2255*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

*Ineffective Assistance of Counsel*

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are generally not considered waived by plea agreements. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2006); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Jeronimo, 398 F.3d at 1155. To prove a deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent

attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985); see also Jeronimo, 398 F.3d at 1155. Courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jeronimo, 398 F.3d at 1155. To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. See Hill, 474 U.S. at 57-59; Womack v. McDaniel, 497 F.3d 998, 1002 (9th Cir. 2007); Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006).

"Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691; Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994). The Supreme Court has explained:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

Hill v. Lockhart, 474 U.S. 52, 59 (1985); Weaver, 455 F.3d at 971. Generally it is insufficient to merely state that additional investigation should have occurred, and a petitioner must explain what additional evidence would have been found if additional investigation had been conducted. See Weaver, 455 F.3d at 971; Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986). Further, "ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case." Eggleston, 798 F.2d at 376.

*18 U.S.C. § 924(c) – Possession of a Firearm*

In pertinent part, 18 U.S.C. § 924(c) reads:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i). Section 924(c)(1)(A) proscribes only one offense, but includes two means of committing the single offense. United States v. Arreola, 467 F.3d 1153, 1155 (9th Cir. 2006). A person may violate § 924(c)(1)(A) either by "using or carrying" a firearm "during and in relation" to a drug offense or by "possessing" a firearm "in furtherance of a drug offense."[2] Arreola, 467 F.3d at 1159-60. To prove that a defendant possessed a firearm in furtherance of a drug offense, "the government must show that the defendant possessed the weapon to promote or facilitate the underlying crime." Id. at 1160; United States v. Krouse, 370 F.3d 965, 967 (9th Cir. 2004). The mere possession of a firearm by a defendant convicted of a drug crime is not sufficient for purposes of § 924(c)(1)(A). United States v. Rios, 449 F.3d 1009, 1012 (9th Cir. 2006); Krouse, 370 F.3d at 967. An intent to use the firearm to promote or facilitate the drug offence "is sufficient when the facts in evidence reveal a nexus between the guns discovered and the underlying offense." Rios, 449 F.3d at 1012; Krouse, 370 F.3d at 968. Whether a sufficient nexus exists is a fact sensitive inquiry and "the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." United States v. Norwood, 555 F.3d 1061, 1069 (9th Cir. 2009); see United States v. Hector, 474 F.3d 1150, 1157 (9th Cir. 2007); United States v. Mosely, 465 F.3d 412, 416-18 (9th Cir. 2006). "Whether the requisite nexus is present may be determined by examining, *inter alia*, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities." Hector, 474 F.3d at 1157; Rios, 449 F.3d at 1012; Krouse, 370 F.3d at 378.

---

[2] Since this case deals with drug trafficking, the Court will not discuss the "crime of violence" portion of § 924(c).

**DISCUSSION**

Petitioner's reliance on *Bailey* and discussion regarding use "during and in relation" to a drug offense is unavailing. First, Petitioner was charged with "possession" of a firearm, he was not charged with "use." As such, no evidence need establish that he used the firearm during and in relation to his conspiracy to distribute methamphetamine. Cf. Arreola, 467 F.3d at 1159-60. Second, at the time *Bailey* was decided, § 924(c) did not include the "possess in furtherance" language. See Norwood, 555 F.3d at 1068; Rios, 449 F.3d at 1013-14. Therefore, *Bailey* was interpreting only the "use or carry" language and has no application to this case. Petitioner's counsel was not ineffective for failing to cite or discuss *Bailey*.

As to the failure to investigate claim, the factual basis for the § 924(c) count was not included in the plea bargain. However, at the plea colloquy, the government stated (and Petitioner admitted): "Additionally – and this isn't in the statement of facts, Your Honor. On July 22, 2004, there was a firearm recovered in the truck that Delgado had been driving and where the narcotics were found." R.R. at 14. Petitioner had been arrested after a deal to buy two pounds of methamphetamine had been established,[3] and, in addition to the firearm, just over six pounds of methamphetamine was found in the truck.[4] See R.R. at 13. Although not clear, the Court reads the petition as alleging that a proper investigation would have revealed that: (1) a gun was found under the passenger seat of the truck, and (2) petitioner drove the truck only occasionally.

That Petitioner drove the truck only occasionally does not help Petitioner unless he did not know that there was a firearm present in the truck. However, Petitioner does not claim that he did not know that the firearm was present or that he did not actually possess the firearm.[5]

The more pertinent alleged fact is that the firearm was located under the passenger seat of

---

[3] Prior to the July 22, 2004, arrest and drug deal, Petitioner had sold methamphetamine to undercover police officers on three occasions. See R.R. at 12.

[4] As part of the original complaint, the sworn probable cause declaration indicates that undercover officers made the deal to buy two pounds of methamphetamine in the parking lot of a retail store, Petitioner agreed to the sale and left to obtain the drugs, and later returned to the parking lot with the drugs. See Court's Docket Doc. No. 1, Probable Cause Declaration at ¶ 10.

[5] The Court informed Petitioner that possessing a firearm was an element of § 924(c). See R.R. at 11.

6

the truck. Petitioner is correct that the mere presence of a firearm is alone insufficient. See Rios, 449 F.3d at 1012. However, Petitioner does not explain what other circumstances were present other than the firearm was under the passenger seat. In *Rios*, the Ninth Circuit found that the evidence was insufficient to support a conviction under § 924(c) for possession. The *Rios* court explained that the firearm was not readily accessible during the time that Rios would have been involved in drug conspiracy activities because it was found unloaded and hidden under a dresser in a drug-free residence. Rios, 449 F.3d at 1016. Although the firearm was in close proximity to collateral products of the drug crime, it was too far from the locus of the drug activity. See id. In Petitioner's case, the firearm was in the same locus (the pick up truck) as the drugs while the drugs were being transported by Petitioner for sale. The firearm may have been under the passenger's seat, but such a location within the truck would still make it relatively easy to access. Petitioner does not explain how the gun was inaccessible, whether it was unloaded, or whether it was in a separate container.[6] Cf. United States v. Mann, 389 F.3d 869, 879-80 (9th Cir. 2004). Further, if Petitioner only occasionally drove the truck, the presence of the firearm suggests that he affirmatively placed the firearm in the vehicle as part of his delivery of the methamphetamine. Finally, Petitioner does not identify a different purpose for possessing the firearm. That the firearm was under the passenger side of the truck does not exonerate Petitioner. Cf. United States v. Lopez, 477 F.3d 1110, 1115 (9th Cir. 2007); Rios, 449 F.3d at 1016

Additionally, although Petitioner states that he would receive no benefit from pleading guilty to § 924(c) since there is a mandatory minimum sentence of 5 years for violating this provision, Petitioner does not address the plea agreement as a whole. The plea bargain requires Petitioner to plead guilty to two offenses – conspiracy to distribute methamphetamine and possession of a firearm in furtherance of that conspiracy. See Court's Docket Doc. No. 69 at Sec. II. The plea bargain requires the government to dismiss five other counts of drug related charges with prejudice (three counts of distribution of methamphetamine, one count of possession of methamphetamine with intent to distribute, and one count of possession of a

---

[6]Additionally, the probable cause declaration in the original complaint indicates that two handguns were found in the truck. See Court's Docket Doc. No. 1, Probable Cause Declaration at ¶ 10.

firearm), to recommend sentencing on the low end of the applicable range, to move for a reduction due to acceptance of responsibility if the probation department determines it would be appropriate, and to move for a reduction of sentence depending on any cooperation provided by Petitioner.  <u>See</u> Court's Docket Doc. No. 69 at Sec. III; <u>see also</u> Court's Docket Doc. No. 17.  These are not insignificant benefits, especially since the evidence of distribution and possession with intent to distribute appears substantial.  <u>See</u> Court's Docket Doc. Nos. 1, 74; R.R. at 12-14.  It is unknown why counsel would advise rejecting this offer simply because the gun was under the passenger seat.

In light of the above, Petitioner has made insufficient factual allegations to warrant either a hearing or relief. *Bailey* and the cases that deal with "use or carrying" are inapplicable in this "possession" case, and Petitioner's counsel appropriately did not rely on *Bailey*.  Further, the evidence that Petitioner alleges should have been discovered does not sufficiently undermine the elements of § 924(c) for counsel to have recommended a rejection of the plea agreement. Petitioner does not argue that he did not possess the firearm, does not explain what the firearm's purpose was, does not allege how the firearm may have been too far removed from the locus of his drug activities, and does not sufficiently explain how it would be inaccessible given its proximity to Petitioner.  Further, the plea bargain resulted in five crimes being dismissed and a sentence in the low range of the guidelines.  Given the apparent strength of the possession and distribution of methamphetamine counts, the benefits of the plea bargain are not insignificant. Petitioner has failed to sufficiently show either deficient performance or prejudice.
`

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is DENIED and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

**Dated:    May 22, 2009**                             /s/ Anthony W. Ishii
                                                          CHIEF UNITED STATES DISTRICT JUDGE