IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAVEZ DELGADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:07-cv-1653  AWI<br><br>(No. 1:04-cr-5208  AWI)<br><br>ORDER ON PETITIONER'S REQUEST FOR RECONSIDERATION OF ORDER DENYING RELIEF UNDER 28 U.S.C. § 2255<br><br>(Crim. Doc. No. 99) |

Petitioner seeks reconsideration under Federal Rule of Civil Procedure 59(e) of this Court's order of May 22, 2009, in which it denied Petitioner's 28 U.S.C. § 2255 petition.  In the order, the Court held that Petitioner's trial counsel was not ineffective for failing to advise Petitioner about the Supreme Court case of *Bailey v. United States*, 116 S.Ct. 501 (1995) or failing to discover that the gun was under the vehicle's passenger seat and that Petitioner only drove the vehicle occasionally.  The Court also noted the benefits that the plea bargain conferred upon Petitioner, including a recommendation to reduce the overall sentence (for cooperation), the dismissal of five other charged offenses that appeared to have a substantial basis, and a recommendation for a sentence in the low end of the range.

*Petitioner's Argument*

Petitioner argues that his counsel did not advise him of the elements of the firearms offense but merely encouraged him to sign the plea bargain.  Petitioner argues that he was "not

even slightly" apprised of the elements of 18 U.S.C. § 924(c).  The evidence must show that the possession of the firearm advanced or helped forward a drug offense.  Here, the firearm was under the passenger seat of a vehicle that was not Petitioner's, Petitioner drove the vehicle only occasionally, and Petitioner did not have knowledge of the firearm's location.  The evidence at the plea hearing did not show possession or furtherance.  Further, Petitioner argues that he did not benefit from the plea bargain and suffered substantial prejudice because he received sentences that ran consecutively whereas the other charges would have run concurrently.

*Discussion*

Reconsideration is not appropriate.  Initially, the motion for reconsideration was filed on June 8, 2009, and judgment was entered on May 22, 2009.  A Rule 59 motion must be filed no later than ten days after entry of judgment.  See Fed. R. Civ. Pro. 59(e); United States v. Martin, 226 F.3d 1042, 1047 n.6 (9th Cir. 2000).  The ten-day limitation of Rule 59(e) is jurisdictional and strictly construed.  See McConnell v. MEBA Medical & Ben. Plan, 778 F.2d 521, 526 (9th Cir. 1985); Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir. 1984).  Here, because the application is untimely, the Court must deny any relief under Rule 59(e).  See Scott, 739 F.2d at 1467.

The Second Circuit has ruled that where a § 2255 petitioner files an untimely Rule 59 motion, the district court may consider the motion under Rule 60.  United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993).  The Ninth Circuit has mentioned this rule, but has not had occasion to adopt it.  See Martin, 226 F.3d at 1047 n. 8; Vo v. United States, 2007 U.S. Dist. LEXIS 72282, *2 (D. Haw. Sept. 27, 2007).  The Court will assume without deciding that the Ninth Circuit would approve of the Second Circuit rule and, for this motion, consider Petitioner's motion as a Rule 60(b) motion.  See Vo, 2007 U.S. Dist. LEXIS 72282 at *2-*3.

Nevertheless, because Petitioner's motion to reconsider seeks to revisit this Court's denial on the merits of his claim for relief, the motion is to be treated as a successive § 2255 petition.  United States v. Hiralal, 238 Fed. Appx. 225, 226 (9th Cir. 2007) (citing Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)).  That Petitioner alleges different facts from his original petition does not change the character of this motion.  See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998); cf. Gonzalez, 545 U.S. at 532.  Petitioner did not obtain authorization from

1 | the Ninth Circuit Court of Appeals to file this successive § 2255 petition.  Because Petitioner did
2 | not obtain authorization to file a successive § 2255 petition, this Court lacks jurisdiction to
3 | consider Petitioner's claims.  <u>See</u> 28 U.S.C. §§ 2244(b)(3), 2255(h); <u>Hiralal</u>, 238 Fed. Appx. at
4 | 226; <u>United States v. Leasure</u>, 223 Fed. Appx. 630, 630-31 (9th Cir. 2007); <u>United States v.</u>
5 | <u>Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).   The Court must deny Petitioner's motion.

7 |     Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration is
8 | DENIED.

10 | IT IS SO ORDERED.
11 | **Dated:   June 18, 2009**           /s/ Anthony W. Ishii
                         CHIEF UNITED STATES DISTRICT JUDGE