# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAVEZ DELGADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:07-cv-1653 AWI<br><br>(No. 1:04-cr-5208 AWI)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Crim. Doc. No. 101) |

Pursuant to a plea agreement, on March 20, 2006, Petitioner pled guilty to one count of 21 U.S.C. § 846, conspiracy to distribute methamphetamine, and one count of 18 U.S.C. § 924(c), possession of a firearm in furtherance of drug trafficking. Criminal Docket Doc. Nos. 69, 75. As part of the plea agreement, Petitioner agreed to waive his right to appeal and his right to file a motion under § 2255. See id. at Doc. No. 69. Petitioner was sentenced to 171 months total confinement on November 13, 2006, and judgment and commitment were entered on November 17, 2006. See id. at Doc. Nos. 87, 88. Petitioner filed a timely 28 U.S.C. § 2255 motion on November 21, 2007, and argued that he received ineffective assistance of counsel when he was advised to plead guilty to possession of a firearm. See id. at Doc. No. 97. The Court denied the petition on May 22, 2009. See id. at Doc. No. 98. The Court denied a reconsideration motion on June 19, 2009. See id. at Doc. No. 100. Petitioner filed a notice of appeal on July 6, 2009. See id. at Doc. No. 101.

28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000).  The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  It has been found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See id.

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  The issues raised in the Petition were whether Petitioner's counsel was ineffective for: (1) failing to advise and rely on *Bailey v. United States*, 116 S.Ct. 501 (1995), and (2) failing

1  to discover that the gun was found under the passenger seat of the truck and that Petitioner only
2  drove the truck occasionally. <u>See</u> Crim. Court Doc. No. 97 at p.4.  As the Court's order
3  established, *Bailey* was not applicable to the charged offense. <u>See id.</u> at Doc. No. 98.  Further,
4  there was no indication how failing to discover the frequency with which Petitioner drove the
5  truck would help Petitioner. <u>See id.</u> at Doc. No. 97.  Similarly, that the gun was found under the
6  passenger seat of the truck does not help Plaintiff.  The gun was in a relatively accessible location
7  near Petitioner in the front of the truck, the Petitioner was driving the truck for the purpose of
8  delivering methamphetamine for sale, and the methamphetamine was in the truck. <u>See id.</u>  This
9  suggests a nexus between the gun and the delivery/distribution of the methamphetamine. <u>See</u>
10 <u>United States v. Lopez</u>, 477 F.3d 1110, 1115 (9th Cir. 2007); <u>United States v. Hector</u>, 474 F.3d
11 1150, 1157 (9th Cir. 2007).  Given these considerations, as well as the charges that were dropped
12 and the recommendations by the government for downward departures, the complaint did not
13 indicate ineffective assistance of counsel. <u>See id.</u> at Doc. No. 98.  Reasonable jurists would not
14 debate that Petitioner did not show how he was entitled to federal habeas corpus relief.

16     Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of
17 appealability is DENIED.

19 IT IS SO ORDERED.
20 **Dated:   October 26, 2009**            /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE

3