IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAVEZ DELGADO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:07-cv-1653  AWI<br><br>(No. 1:04-cr-5208  AWI)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY<br><br>(Crim. Doc. No. 111) |

    Pursuant to a plea agreement, on March 20, 2006, Petitioner pled guilty to one count of 21 U.S.C. § 846, conspiracy to distribute methamphetamine, and one count of 18 U.S.C. § 924(c), possession of a firearm in furtherance of drug trafficking. Criminal Docket Doc. Nos. 69, 75. As part of the plea agreement, Petitioner agreed to waive his right to appeal and his right to file a motion under § 2255. See id. at Doc. No. 69. Petitioner filed a timely 28 U.S.C. § 2255 motion on November 21, 2007, and argued that he received ineffective assistance of counsel when he was advised to plead guilty to possession of a firearm. See id. at Doc. No. 97. The Court denied the petition on May 22, 2009. See id. at Doc. No. 98. The Court denied a reconsideration motion on June 19, 2009. See id. at Doc. No. 100. Petitioner filed a notice of appeal on July 6, 2009. See id. at Doc. No. 101. The Ninth Circuit denied Petitioner a certificate of appealability. See id. at Doc. No. 107.

    On September 8, 2011, Petitioner filed a Rule 60 motion to set aside this Court's prior rulings on his § 2255 petition. See id. at Doc. No. 108. On March 8, 2012, the Court denied the

motion. See id. at Doc. No. 110. On April 2, 2012, Petition filed a notice of appeal. See id. at Doc. No. 111. On April 18, 2012, the Ninth Circuit remanded this matter to the Court for the limited purpose of determining whether to issue a certificate of appealability. See id. at Doc. No. 113.

28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000).  The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  It has been found that even if the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth

circuit rule. See id.

In the present case, the Court finds that Petitioner has not made the required substantial showing to justify the issuance of a certificate of appealability. The Court denied Petitioner's Rule 60 motion because it found that Plaintiff's motion was an improper attempt to file a successive § 2255 petition. See id. at Doc. No. 110. The Court found that the Rule 60 motion raised new grounds for § 2255 relief, attempted to argue that *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) represents a substantive change in the law, reargued the sufficiency of the evidence, and failed to identify conduct that constituted a defect in the integrity of the habeas proceedings. See id. The Court concluded that these considerations established that the Rule 60 motion was an improper successive § 2255 petition. See id.; see also United States v. Washington, 653 F.3d 1057, 1063-64 (9th Cir. 2011). The Court also pointed out that Petitioner's Rule 60 motion appeared to be largely identical to the request for reconsideration of the denial of a certificate of appealability that Petitioner had filed with the Ninth Circuit, and that the Ninth Circuit had rejected. See Doc. No. 110. Given these considerations, reasonable jurists would not debate the denial of Petitioner's purported Rule 60 motion.

Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:    April 20, 2012

CHIEF UNITED STATES DISTRICT JUDGE