1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

9  | **SERGIO CHAVEZ DELGADO,**
10 |              **Petitioner,**
11 | **v.**
12 | **UNITED STATES OF AMERICA,**
13 |              **Respondent.**
14

**CASE NO. 1:04-CR-5208 AWI**
**1:14-cv-1378 AWI**

**ORDER ON MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE**
**and ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

(Crim. Doc. No. 118)

15

16    Currently before the Court is Petitioner's motion to set aside judgment under Federal Rules

17 of Civil Procedure 60(b)(4), (6), and (d).  See Doc. No. 118.  For the reasons that follow, the

18 motion will be denied.

19    *Background*

20    On May 22, 2009, this Court issued an order that denied Petitioner's 28 U.S.C § 2255

21 petition.  See Doc. No. 98.  On June 19, 2009, the Court denied Petitioner's Rule 59/Rule 60

22 motion for reconsideration on the basis that the motion was a successive § 2255 petition.  See Doc.

23 No. 100.

24    On July 6, 2009, Petitioner filed an appeal.  See Doc. No. 102.  On October 26, 2009, the

25 Court denied Petitioner's request for a certificate of appealability.  See Doc. No. 104.

26    On May 18, 2011, the Ninth Circuit denied Petitioner's request for a certificate of

27 appealability.  See Doc. No. 107.  The Ninth Circuit denied the certificate of appealability after

28 receiving Petitioner's additional citation to and reliance on *Padilla v. Kentucky*, 130 S.Ct. 1473,

1480-81 (2010).  See Ninth Circuit Docket Doc. No. 5 in Case No. 09-16635 (hereinafter "Ninth

Doc.").  On June 15, 2011, Petitioner filed a motion of reconsideration with the Ninth Circuit.

See Ninth Doc. No. 7.  On July 19, 2011, the Ninth Circuit denied Petitioner's request for

reconsideration and refused to accept further filings in that closed case.  See Ninth Doc. No. 8.

On September 8, 2011, Petitioner filed a Rule 60 motion to set aside the Court's May 2009

order on his original § 2255 petition.  See Doc. No. 108.  On March 8, 2012, the Court denied the

Rule 60 motion as a disguised successive § 2255 petition.  See Doc. No. 110.

On April 2, 2012, Petitioner filed a notice of appeal to the Ninth Circuit.  See Doc. No.

111.  On February 14, 2013, the Ninth Circuit denied Petitioner a certificate of appealability.  See

Doc. No. 115.

On June 12, 2013, Petitioner filed a Rule 60 motion to vacate or set aside the Court's May

2009 order on his original § 2255 petition.  See Doc. No. 116.  On March 28, 2014, the Court

denied the Rule 60 motion as a disguised § 2255 petition.  See Doc. No. 117.

On September 2, 2014, Petitioner filed the instant Rule 60 motion seeking to vacate the

Court's May 2009 order on his original § 2255 petition.

*Petitioner's Contentions*

Petitioner contends that the Court's May 2009 ruling is void because the judgment was

rendered without due process.  Petitioner argues that the Court deprived him of the opportunity to

be heard on his ineffective assistance of counsel claim.  Petitioner argues that there has been an

intervening change in the law.  The Supreme Court has recently issued decisions regarding

ineffective assistance of counsel with regard to a rejection of a plea bargain.  See Lafler v. Cooper,

132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012).  In the initial § 2255 petition,

Petitioner argued his counsel was ineffective for advising him to plead guilty when the

government's factual recitation did not establish that he possessed a gun in furtherance of the

crime.  In light of *Frye* and *Laffler*, the court's application of unsettled law weighs in favor of

granting this motion.  Had counsel done a thorough investigation, counsel would have discovered

Petitioner's lack of knowledge of the firearm in the vehicle and thus, counsel would not have

advised Petitioner of the option to reject the plea offer.

2

1    *Legal Standard*

2          "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second

3    or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."  United

4    States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

5          A second or successive motion must be certified as provided in section 2244 [28
           USC § 2244] by a panel of the appropriate court of appeals to contain--
6          (1) newly discovered evidence that, if proven and viewed in light of the evidence as
           a whole, would be sufficient to establish by clear and convincing evidence that no
7          reasonable factfinder would have found the movant guilty of the offense; or
           (2) a new rule of constitutional law, made retroactive to cases on collateral review
8          by the Supreme Court, that was previously unavailable.

9    28 U.S.C. § 2255(h).

10         To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way

11   that avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059.  For example,

12   petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which

13   allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for

14   example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances

15   support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).

16   "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must

17   meet the criteria set forth in § 2255(h)."  Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d

18   at 722.  Whether a motion is in fact a disguised § 2255 motion is governed by the analysis of

19   *Gonzalez v. Crosby*, 545 U.S.  524 (2005).  See Washington, 653 F.3d at 1062; Buenrostro, 638

20   F.3d at 722.   Generally, a motion that attacks a defect in the integrity of the federal habeas

21   proceeding is not a disguised § 2255 motion, but may instead be classified as a legitimate Rule

22   60(b) motion.  See Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d at 722.  For example,

23   fraud on the Court is a legitimate Rule 60(b) basis/motion.  See Gonzalez, 545 U.S. at 532 n.5;

24   Washington, 653 F.3d at 1063.  Further, claims that a procedural error prevented a presentation of

25   claims on the merits, such as a ruling that there was a failure to exhaust, or a procedural default, or

26   a statute of limitations bar, properly may be brought in a Rule 60(b) motion.  See Gonzalez, 545

27   U.S. at 532 n.4; Washington, 653 F.3d at 1063.  However, "if the motion presents a 'claim,' i.e.

28   'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a

new request for relief on the merits and should be treated as a disguised § 2255 motion."

Washington, 653 F.3d at 1063 (citing Gonzalez, 545 U.S. at 530); see also Buenrostro, 638 F.3d at

722.  Examples of "claims" include:

> a motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error,"; a motion to present "newly discovered evidence" in support of a claim previously denied; a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim,"; a motion "that seeks to add a new ground for relief,"; a motion that "attacks the federal court's previous resolution of a claim on the merits,"; a motion that otherwise challenges the federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief,"; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions.

Washington, 653 F.3d at 1063 (quoting Gonzalez, 545 U.S. at 530-32).  "[I]f a pleading labeled as

a Rule 60(b) motion includes such claims, it 'is in substance a successive habeas petition and

should be treated accordingly.'"  Gonzalez, 545 U.S. at 531; Washington, 653 F.3d at 1063.  In

essence, where the integrity of the proceedings is not challenged, but the motion "in effect asks for

a second chance to have the merits determined favorably, then the motion is raising a 'claim' that

takes it outside the purview of Rule 60(b)."  Washington, 653 F.3d at 1063.  If § 2255(h) applies,

but a petitioner has not received permission from the court of appeals to file a successive § 2255

petition, then the district court is without jurisdiction.  See id. at 1065.

> *Discussion*

> a.    Petitioner's Motion

Contrary to Petitioner's arguments, there is nothing that demonstrates that the Court's May

2009 order that denied his § 2255 petition is void.  The Court examined the arguments that

Petitioner made regarding ineffective assistance of counsel, found that counsel was not ineffective,

and denied the petition.  The Ninth Circuit declined to issue a certificate of appealability, denied

rehearing, and did not disturb the denial of Petitioner's initial § 2255 petition.  Nothing remotely

suggests voidness.

Instead, as with each of Petitioner's previous motions filed after the denial of his initial §

2255 petition, Petitioner is bringing a disguised § 2255 petition in the form of a Rule 60 motion.

Petitioner raised ineffective assistance of counsel in his initial § 2255 petition,[1] and he continues to do so in this motion.  Re-raising the same ineffective assistance claims that were made in either Petitioner's original § 2255 petition or in petitioner's various successive § 2255 petitioner (entitled either as reconsideration motions or Rule 60 motions), or alleging new ineffective assistance claims to the extent that Petitioner may be doing so, all constitute a "claim" for purposes of § 2255(h).  See Washington, 653 F.3d at 1063.  Similarly, arguing that *Frye* and *Lafler* represent changes in the law also constitutes a claim under § 2255(h).  See id.

Petitioner was required to obtain permission from the Ninth Circuit prior to filing this successive § 2255 petition.  See 28 U.S.C. § 2255(h).  It is apparent that Petitioner has not done so.  Because Petitioner has not followed the requirements of § 2255(h), this Court is without jurisdiction and must deny the petition.  See Washington, 653 F.3d at 1065.

b.    Certificate of Appealability

To appeal the denial of a § 2255 petition, a petitioner must obtain a certificate of appealability.  See 28 U.S.C. § 2253.  The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000).  The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In the present case, the Court is denying Petitioner's Rule 60 motion because the motion is an improper attempt to file an unauthorized successive § 2255 petition.  Given the arguments

---

[1] In his original petition, Petitioner alleged that he received ineffective assistance of counsel because:  (1) his counsel advised he was guilty of committing an offense under 18 U.S.C. § 924(c), which was contrary to *Bailey v. United States*, 116 S.Ct. 501 (1995); (2) his counsel allowed him to plead guilty to § 924(c) despite the insufficiency of the government's factual recitation; and (3) his counsel failed to adequately investigate for purposes of the § 924(c) offense.  See Crim. Doc. No. 97.

made by Petitioner, it is apparent that Petitioner is raising "claims," i.e. "an asserted federal basis for relief from a . . . judgment of conviction." <u>Washington</u>, 653 F.3d at 1063.  Reasonable jurists would not debate the denial of Petitioner's purported Rule 60 motion as an unauthorized § 2255(h) successive petition.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's Rule 60 motion (Doc. No. 118) is DENIED;

2.      The Court will not entertain a motion for reconsideration of this order;

3.      The Court declines to issue a certificate of appealability; and

4.      This case remains CLOSED.

IT IS SO ORDERED.

Dated:   September 9, 2014          _____

                                   SENIOR  DISTRICT  JUDGE

6