IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:04-CR-05208 AWI |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |
| v. | |
| SERGIO CHAVEZ DELGADO, | |
| Defendant. | |

The defendant has filed a second motion under 18 U.S.C. § 3582(c)(2),[1] seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Court denied the defendant's initial motion because the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 since Amendment 782 did not have the effect of lowering the applicable sentencing range. Doc. 131. The Court previously explained:

> [T]he final Presentence Report recommended a base offense level of 38 pursuant to USSG § 2D1.1, as the amount of methamphetamine involved in the case was 5 kilograms of actual methamphetamine. [The Court adopted that recommendation.] Under the amended guideline, the base offense level for 5 kilograms of actual methamphetamine

---

[1] The defendant also suggests that the court should correct what he believes to be an earlier sentencing error. *See* Doc. 137 at 3. It appears that the defendant's filing is, at least in part, a disguised successive motion pursuant to 28 U.S.C. § 2255. The defendant has not sought permission from the Circuit Court to file such a motion. This Court is without jurisdiction to hear it. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Insofar as the defendant sought correction of a sentencing error, his motion is dismissed on that basis.

1

is still 38. *See* U.S.S.G. § 2D1.1(c)(1). Applying the same three level departure applied by the sentencing court, for acceptance of responsibility, results in a total offense level of 35. Based on that figure and the established criminal history category of I, the defendant's sentencing range remains 168 to 210 months. Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).

Doc. 131. Nothing has changed. The defendant's motion will be denied for the same reasons that the Court denied his original motion.

IT IS HEREBY ORDERED that the defendant's motion for a reduction in sentence is DENIED.

IT IS SO ORDERED.

Dated:   June 21, 2017

_____
SENIOR DISTRICT JUDGE